UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT TOLER, Ph.D. ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No: SA-06-CA-887-XR |
| ) | |
| SUNRISE SENIOR LIVING SERVICES, ) | |
| INC. D/B/A BRIGHTON GARDENS OF ) | |
| SAN ANTONIO and PRIME CARE SEVEN, ) | |
| LLC ) | |
| ) | |
|    Defendants. ) | |

**ORDER**

Having considered Defendants' Motion to Exclude the Testimony of Plaintiff's Expert, Psychiatrist Martha F. Leatherman (Docket No. 41), the Court DENIES the Motion for the reasons set forth below.

**Factual and Procedural Background**

Plaintiff Robert W. Toler, Ph.D. brought suit to recover damages arising from Defendants' alleged negligence in committing him, against his will, to a psychiatric institution. According to his First Amended Petition, Plaintiff was a resident of Brighton Gardens in Bexar County, Texas from 2000 through August 2004. On August 9, 2004, Defendants purportedly took action to have him wrongfully committed to a psychiatric institution.

In addition to his claim for improper commitment, Plaintiff contends that Defendants violated the proper duty of care owed him and were negligent in failing to effectuate policies and

1

procedures that would have prevented his unjustified commitment. Plaintiff argues that as a direct and proximate cause of Defendants' negligence, he suffered physical injuries and pain, mental anguish, and loss of reputation, in addition to incurring expenses for medical care and attention, physician's fees, court costs, attorney fees, and the costs of changing his residence.

Defendants deny Plaintiff's claims and filed a Motion for Summary Judgment on September 11, 2007. On the 27th of September, they followed up with a Motion to Exclude the Testimony of Plaintiff's Expert, Psychiatrist Martha F. Leatherman. In order to determine which evidence to consider in the summary judgment dispute, the Court now turns to the Motion to Exclude and whether Dr. Leatherman's testimony should be permitted.

## Legal Analysis

According to Texas statutory law:

"In a suit involving a health care liability claim against a health care provider, a person may qualify as an expert witness on the issue of whether the health care provider departed from accepted standards of care only if the person:

1) is practicing health care in a field of practice that involves the same type of care or treatment as that delivered by the defendant health care provider, if the defendant health care provider is an individual, at the time the testimony is given or was practicing that type of health care at the time the claim arose;

2) has knowledge of accepted standards of care for health care providers for the diagnosis, care, or treatment of the illness, injury or condition involved in the claim; and

3) is qualified on the basis of training or experience to offer an expert opinion regarding

those accepted standards of health care."[1]

The Federal Rules of Evidence add that "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify . . . in the form of an opinion or otherwise."[2]

The main source of the parties' dispute is over how broadly or narrowly to construe the type of health care services Defendants provided to Plaintiff. Defendants assert Dr. Leatherman is not qualified under Texas law to serve as an expert witness in this case because she 1) is not a nurse, a nurse assistant, or an administrator of an assisted living facility, 2) has never worked for an assisted living facility nor does she provide psychiatric care in one today, and 3) she is not a nurse expert. Defendants further assert that under Federal Rule of Evidence 702, Dr. Leatherman fails to qualify "as an expert by knowledge, skill, experience, training, or education."[3]

Plaintiff counters that Defendant is improperly narrowing the definition of health care to nursing services. He contends that health care refers to "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement."[4] In this case, Plaintiff argues the health care services he received relate to Dr. Leatherman's expertise in geriatric psychiatry and long-term management care, enabling her to serve as an expert witness.

The Court finds convincing Plaintiff's argument that health care in this case should not be confined to just nursing or administration of assisted living facilities. Defendants' responsibilities

---

[1] TEX. CIV. PRAC. & REM. CODE § 74.402.

[2] FED. R. EVID. 702.

[3] *Id*.

[4] § 74.001(a)(10).

for Plaintiff's medical care were comprehensive. During Plaintiff's tenure in Defendants' care, Defendants were responsible for a full range of health care services for Plaintiff, including services directly or indirectly related to geriatric psychiatry. The facts that led Defendants to pursue the involuntary confinement of Plaintiff to a psychiatric unit are ones that someone with Dr. Leatherman's background and experiences would be qualified to discuss.[5]

Of course, admissibility to testify is only the threshold consideration. The credibility of the expert's testimony and the weight to be accorded it are still very much contested matters. On these issues, Defendants may cross-examine Dr. Leatherman at trial and call their own expert witnesses to challenge the findings and opinions of Plaintiff's expert. To prevent Dr. Leatherman from testifying at all, however, requires an untenable application of the relevant state and federal law to the facts of the case.

Therefore, Defendants' Motion to Exclude the Testimony of Plaintiff's Expert, Dr. Martha F. Leatherman, is DENIED.

SIGNED this 19th day of October, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] According to her curriculum vitae, Dr. Leatherman is a practicing geriatric psychiatrist with experience in training and consulting health care personnel who provide services to people with long term medical care needs. She has also published multiple articles concerning issues pertinent to the field of long-term care management.