UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ROBERT TOLER, PhD** ) | |
| ) | |
| ) | |
| VS. ) | Civil Action No.  SA-06-CV-0887-XR |
| ) | |
| **SUNRISE SENIOR LIVING** ) | |
| **SERVICES, INC. D/B/A BRIGHTON** ) | |
| **GARDENS OF SAN ANTONIO and** ) | |
| **PRIME CARE SEVEN, LLC** ) | |
| ) | |

**ORDER**

Having considered the motion and applicable case law, the Court DENIES Defendant's Motion to Reconsider Motion for Leave to File Third Amended Answer to Plaintiff's First Amended Petition (Docket No. 104).

**Factual and Procedural Background**

According to his First Amended Petition, Plaintiff Robert W. Toler, Ph.D. was a resident of Brighton Gardens, an assisted living facility, in Bexar County, Texas from 2000 through August 2004.  On August 9, 2004, Defendants took action to have him involuntarily removed from Brighton Gardens and committed to a psychiatric institution.

As a result of this involuntary commitment, Plaintiff brought suit to recover damages arising from Defendant's alleged negligence.  In addition to his claim for improper commitment, Plaintiff contends Defendants violated the proper duty of care owed him and were negligent in failing to effectuate policies and procedures that would have prevented his unjustified commitment.  Plaintiff argues that as a direct and proximate cause of Defendant's negligence, he

suffered physical injuries, mental anguish, and loss of reputation, in addition to incurring expenses for medical care and attention, physicians' fees, court costs, attorneys' fees, and the costs of changing his residence.

Defendants denied Plaintiff's claims and filed a Motion for Summary Judgment on September 11, 2007.  Having found that Plaintiff raised genuine fact issues, this Court denied Defendants' Motion for Summary Judgment on October 26, 2007.   Trial was initially set for November 26, 2007.

On November 14, 2007, Defendants filed their Motion for Leave to File Third Amended Answer to Plaintiff's First Amended Petition.  This Motion was considered and denied by the Court at the Pretrial Conference on November 16, 2007.  Trial was re-set for February 4, 2008.  Defendants filed this Motion on December 5, 2007, requesting the Court reconsider its ruling and allow Defendants to file their Third Amended Answer to Plaintiff's First Amended Petition.

**Legal Analysis**

Defendants argue they should be given leave to amend their answer so that they may add the affirmative defense of collateral estoppel.  They claim that collateral estoppel is applicable in this matter because Plaintiff had opportunity to litigate the issue of improper commitment at a Probable Cause Hearing held pursuant to the involuntary commitment proceedings.  The Master presiding over Plaintiff's Probable Cause Hearing concluded that probable cause existed to believe Plaintiff presented a substantial risk of serious harm to himself and, therefore, commitment was proper.  This finding, Defendants argue, defeats Plaintiff's cause of action and Plaintiff should not be allowed to relitigate this point.

Under Texas law, collateral estoppel "is used to prevent a party from relitigating an issue

that it previously litigated and lost."[1]  For the doctrine to apply, the issue must be "fully and fairly litigated" in the first action and it must be essential to the previous judgment.[2]  Collateral estoppel is applicable only if the party asserting it can establish the following elements: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action."[3]

Having considered the applicable case law, the Court disagrees with Defendants' assertion that collateral estoppel bars litigation of the issue of improper commitment. While Defendants claim that Plaintiff already had an opportunity to fully and fairly litigate this issue, the Court concludes that the circumstances surrounding the probable cause hearing indicate otherwise.

Plaintiff and his appointed counsel had only three days notice that a hearing would be held.  His opportunity for discovery prior to the hearing was severely limited.  He also had no right to present his arguments before a jury in this proceeding.  Furthermore, the hearing was neither subject to the rules of civil procedure nor the rules of evidence.[4]  In fact, the state was not required to offer any proof to support the proposed commitment other than the physician's

---

[1] *Quinney Elec., Inc. v. Kondos Entertainment, Inc.*, 988 S.W.2d 212, 213 (Tex. 1999) (per curiam).

[2] *Id.* at 213.

[3] *Sysco Food Services, Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994); *accord Allen v. McCurry*, 449 U.S. 90 (1980).

[4] *See* Texas Health & Safety Code § 574.025(e).

certificate of medical examination filed with the initial motion[5] – alleged in this case to be based not on a medical examination of the patient, but on unsubstantiated hearsay. Despite the fact that Plaintiff's liberty was at stake, the initial probable cause hearing provided him with relatively little procedural protection.

### Conclusion

For the reasons stated above, the Court declines to give Defendants leave to file a third amended answer. Accordingly, Defendants' Motion to Reconsider Motion for Leave to File Third Amended Answer to Plaintiff's First Amended Petition (Docket No. 104) is DENIED.

SIGNED this 14th day of January, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[5] Texas Health & Safety Code § 574.025(f).